1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARDEANA Q. ELLIS,

                    Plaintiff,                          Case No.  C07-5302RJB

          v.                                            ORDER

SMITHKLINE BEECHAM CORP., dba
GLAXOSMITHKLINE,

                    Defendant.

          This matter comes before the Court on Defendant's Combined Motion to Dismiss, for Partial

Summary Judgment, and for More Definite Statement (Dkt. 26), and on Plaintiff's Motion to Strike

Declaration of Shondah Allen (Dkt. 50).  The Court has considered the pleadings filed in support of

and in opposition to these motions and the remainder of the file herein.

## I.  FACTS AND PROCEDURAL HISTORY

### A.  BASIC FACTS

          Plaintiff is a 41 year-old African-American woman who has been employed by Defendant as a

pharmaceutical sales representative since December 1999.  Dkt. 20.  Plaintiff is pro se in this matter,

and asserts numerous discriminatory acts and grievances dating back to January 2000.  *Id.*

          Plaintiff signed a Charge of Discrimination on June 14, 2001, which was filed with the Florida

Commission on Human Relations and the Equal Employment Opportunity Commission ("EEOC").

ORDER - 1

1    Dkt. 27.  Included in the charge were allegations of discrimination, unfair disciplinary action, and

2    harassment.  *Id.*  The EEOC took no action, and sent Plaintiff a Notice of Right to Sue on March 8,

3    2002.  *Id.*, at 6.  Plaintiff has not argued, and has provided no evidence, that she filed a law suit

4    following receipt of the EEOC notice.

5            Plaintiff filed a second charge with the Washington State Human Rights Commission and the

6    EEOC on September 21, 2006.  Dkt. 27, at 7-8.  Included in this charge were allegations of race,

7    sex, and age discrimination.  *Id.*  The EEOC took no action and sent Plaintiff a Notice of Right to

8    Sue on April 30, 2007.  Dkt. 4.

9            **B.  PLAINTIFF'S COMPLAINT**

10           Plaintiff filed a complaint on June 15, 2007 (Dkt. 1), and filed an amended complaint on

11   August 22, 2007.  Dkt. 20. Plaintiff alleges the following eleven separate causes of action, each of

12   which "realleges and incorporates" hundreds of paragraphs from the facts section of her complaint:

13   (1) petition for injunction;

14   (2) harassment pursuant to 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title

15        VII"), Age Discrimination in Employment Act of 1967 ("ADEA"), RCW 49.60.030, RCW

16        49.44.090, RCW 49.60.180, and RCW 49.60.210;

17   (3) racial discrimination pursuant to 42 U.S.C. § 1981, Title VII, Civil Rights Act of 1991, and

18        RCW 49.60.030, RCW 49.44.090, RCW 49.60.180, and RCW 49.60.210;

19   (4) gender discrimination pursuant to Title VII, Civil Rights Act of 1991, Equal Pay Act of

20        1963, RCW 49.60.030, RCW 49.44.090, and RCW 49.60.180;

21   (5) age discrimination pursuant to Title VII, Civil Rights Act of 1991, ADEA, RCW 49.44.090,

22        and RCW 49.60.180;

23   (6) retaliation for opposing unlawful employment practices pursuant to Title VII, Civil Rights

24        Act of 1991, ADEA, and RCW 49.60.210;

25   (7) hostile work environment pursuant to Title VII, Civil Rights Act of 1991, and ADEA;

26   ORDER - 2

1    (8) tortious interference with present and prospective employment relationships pursuant to

2    Title VII and the Civil Rights Act of 1991;

3    (9) breach of contractual obligations pursuant to 42 U.S.C. § 1981, Title VII, Civil Rights Act

4    of 1991, U.C.C. § 1-304, et. seq., ADEA, and RCW 5.40.050;

5    (10) intentional or negligent infliction of emotional distress pursuant to Title VII and Civil

6    Rights Act of 1991; and

7    (11) unequal pay pursuant to Title VII, ADEA, Equal Pay Act of 1963, RCW 49.60.180, and

8    RCW 49.44.090.

9    **C.  DEFENDANT'S MOTION TO DISMISS, FOR PARTIAL SUMMARY JUDGMENT, AND FOR MORE DEFINITE STATEMENT**

10

11    On September 12, 2007, Defendant filed a Combined Motion to Dismiss, for Partial

12    Summary Judgment, and for More Definite Statement ("Defendant's combined motion").  Dkt. 26.

13    Defendant argues that the following claims should be dismissed for failure to state a claim because

14    the law cited by Plaintiff does not govern the respective cause of action: (1) Plaintiff's breach of

15    contractual obligations claim under the Uniform Commercial Code; and (2) Plaintiff's claim for age

16    discrimination under Title VII.  In addition, Defendant argues that the following claims should be

17    dismissed for failure to state a claim because the respective claims are time-barred: (1) all of

18    Plaintiff's claims under Title VII alleging discrete acts of race or gender discrimination that occurred

19    more that 300 days before she filed her EEOC charge on September 21, 2006; (2) all of Plaintiff's

20    claims and allegations under RCW 49.60 alleging discrete acts that occurred prior to June 15, 2004;

21    (3) all of Plaintiff's claims and allegations under RCW 5.40.050  alleging discrete acts of negligence

22    that occurred prior to June 15, 2004; and (4) all of Plaintiff's claims and allegations under 42 U.S.C.

23    § 1981 and the Civil Rights Act of 1991 alleging discrete acts occurring prior to June 15, 2003.  *Id.*

24    Defendant also moves the Court to grant partial summary judgment and dismiss Plaintiff's

25    Title VII claims relating to her June 2001 EEOC charge because Plaintiff failed to sue on those

26    ORDER - 3

1    claims within 90 days of receiving notice of right to sue.  Finally, Defendant moves the Court to

2    require Plaintiff to provide a more definite statement of her remaining claims and allegations.  *Id.*

3          On October 2, 2007, Plaintiff filed a motion to continue consideration of Defendant's

4    combined motion. Dkt. 46.  Plaintiff included a document with this motion which Plaintiff contends

5    are "admissions by Defendant of policy violations."  Dkt. 46-2, at 2.  This document was titled

6    "Plaintiff's First Set of Questions, Request for Acknowledgment and Request for Provision of

7    Documents and Things Propounded to Defendant" and was signed by Shondah Allen. *Id.* at 4.  Ms.

8    Allen is a human resources consultant who was retained by Defendant.

9          On October 5, 2007, Defendant filed a response to Plaintiff's motion to continue.  Dkt. 48.

10   Defendant included a declaration signed by Ms. Allen.  Dkt. 49.  In the declaration, Ms. Allen states

11   that she had not made any admissions when she filled out Plaintiff's questionnaire, but was merely

12   acknowledging that Plaintiff had made complaints regarding Defendant's conduct.

13         **D.  PLAINTIFF'S MOTION TO STRIKE**

14         On October 12, 2007, Plaintiff filed a Motion to Strike Declaration of Shondah Allen.  Dkt.

15   50.  Plaintiff moves the Court to strike Ms. Allen's declaration on the grounds that the document has

16   been altered.

17         **E.  ORDER RENOTING CONSIDERATION OF MOTIONS**

18         On October 15, 2007, the Court granted in part Plaintiff's motion to continue.  The Court

19   renoted consideration of Defendant's combined motion, as well as Plaintiff's motion to strike, to

20   November 30, 2007. Dkt. 51.

21         Plaintiff filed an amended response to Defendant's combined motion on November 21, 2007

22   (Dkt. 54) and Defendant filed a reply on November 30, 2007 (Dkt. 57).  Plaintiff filed a reply

23   regarding her motion to strike on November 30, 2007.  Dkt. 59.

24

25

26   ORDER - 4

1

## II. DISCUSSION

2

### A. PLAINTIFF'S MOTION TO STRIKE

3       Plaintiff's motion to strike the declaration of Shondah Allen should be denied.  Plaintiff filed a

4   questionnaire signed by Ms. Allen in support of Plaintiff's motion to continue, and Defendant

5   provided a declaration in response, in which Ms. Allen challenged the authenticity of Plaintiff's

6   questionnaire.  The Court granted Plaintiff's motion in part, and continued the noting date for

7   Defendant's combined motion.  The motion to strike is therefore moot.  There is no need for the

8   Court to consider the authenticity of this document at this time.

9

### B. DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT

10      Defendant requests that, if and after the Court dismisses some of Plaintiff's claims, Plaintiff

11  file an amended complaint that "separately identifies each [remaining] legal claim, rather than

12  grouping them together indiscriminately...including a short and plain statement of each legal claim

13  and its alleged factual basis." Dkt. 26, at 6.  Defendant contends that as written, Plaintiff's complaint

14  "makes it impossible for Defendant to reasonably respond on a claim-by-claim basis." *Id.*

15      A pleading which sets forth a claim for relief shall contain "a short and plain statement of the

16  claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  When the complaint is

17  written by a pro se litigant, the pleading standards are relaxed and the complaint may be held to a less

18  stringent standard.  *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

19  A pro se litigant is still required, however, to make her claims intelligible in order to give the

20  defendant fair notice of the claims and to allow the defendant a fair opportunity to respond to the

21  claims, conduct discovery and motion practice, and defend itself at trial.  *See* Fed. R. Civ. P. 10(b)

22  ("If doing so would promote clarity, each claim founded on a separate transaction or

23  occurrence...must be stated in a separate count or offense").

24      "A party may move for a more definite statement to which a responsive pleading is allowed

25  but which is so vague and ambiguous that the party cannot reasonably prepare a response."  Fed. R.

26  ORDER - 5

Civ. P. 12(e).  A court should liberally construe the "inartful pleading" of pro se litigants, and before

dismissing a case, a court must provide the pro se litigant with notice of the deficiencies in her

complaint in order to ensure that the litigant uses the opportunity to amend effectively.  *See Ferdik v.*

*Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Plaintiff has not filed a cognizable complaint.  Plaintiff's complaint includes eleven causes of

action and 288 factual allegations.  Plaintiff's first cause of action incorporates all 288 allegations.

For the remaining causes of action, Plaintiff incorporates all 288 allegations, plus the paragraphs

from the previous causes of action.  Under some causes of action, Plaintiff does specify some acts to

support her claim, but includes hundreds of allegations which are also purported to support her

claims.  The Court and Defendant cannot discern with any certainty which allegations support which

cause of action, or which allegations support alleged violations of the numerous laws Plaintiff cites.

For example, Plaintiff includes at least 288 identical allegations for causes of action under

discrimination, negligence, and breach of contract, without any discussion on how these allegations

support these causes of action which are governed by different state and federal laws.

The Court should require Plaintiff to file an amended complaint **which comports with Fed.**

**R. Civ. P. 8 and Fed. R. Civ. P. 10**.  The amended complaint should also eliminate the claims that

are dismissed pursuant to this order as discussed below.

**C. DEFENDANT'S MOTION FOR DISMISSAL PURSUANT TO RULE 12(b)(6)**

**1.  Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) Standard**

A court may dismiss a claim if it appears beyond a doubt that the plaintiff can prove no set of

facts to support the claim that would entitle the plaintiff to relief.  *Keniston v. Roberts*, 717 F.2d

1295, 1300 (9th Cir. 1983), *citing Conley v. Gibson*, 355 U.S. 41, 45-56 (1957).  Dismissal may be

based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

cognizable legal theory.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.

ORDER - 6

1     *Keniston*, 717 F.2d at 1295.  However, a plaintiff must plead factual allegations with specificity;

2     vague and conclusory allegations of fact fail to state a claim for relief.  *Colburn v. Upper Darby*

3     *Township*, 838 F.2d 663, 666 (3rd Cir. 1988).  If a claim is based on a proper legal theory but fails to

4     allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before

5     dismissal.  *Keniston*, 717 F.2d at 1300.  If the claim is not based on a proper legal theory, the claim

6     should be dismissed.  *Id.*

7           **2.  Claim for Breach of Contractual Obligations under UCC §1-304, *et. seq.***

8           Defendant moves the Court to dismiss Plaintiff's claim under the Uniform Commercial Code

9     ("UCC").  The UCC governs commercial transactions in the state of Washington.  RCW 62A.1-101,

10    *et. seq.*  Plaintiff cites UCC §1-304 in her Ninth cause of action alleging breach of contractual

11    obligations.  Dkt. 20, at 24.  Presumably, Plaintiff is referring to her employment contract with

12    Defendant.  Commercial transactions under the UCC include the sales of goods and secured

13    transactions, but employment contracts are outside the scope of the UCC.  *See, e.g.,* UCC §2-102

14    (Article 2 applies to the sales of goods).  There is no allegation included in Plaintiff's complaint that

15    falls within the scope of the UCC.  The Court should dismiss this claim because Plaintiff has not

16    stated a claim upon which relief can be granted.  Fed R. Civ. P. 12(b)(6).

17           **3.  Claim for Age Discrimination under Title VII**

18           Defendant moves the Court to dismiss Plaintiff's claim for age discrimination under Title VII.

19    Under Title VII, it is unlawful to discriminate against an individual on the basis of race, color,

20    religion, gender and national origin.  42 U.S.C. §2000e-2(a)(1).  Plaintiff's Fifth cause of action

21    alleges "age discrimination pursuant to Title VII."  Age discrimination is not governed by Title VII.

22    The Court should dismiss this claim because Plaintiff has not stated a claim upon which relief can be

23    granted.  Fed R. Civ. P. 12(b)(6).

24

25

26   ORDER - 7

1    **D.  DEFENDANT'S MOTION FOR DISMISSAL OF TIME-BARRED CLAIMS**

2         **1. Summary Judgment Standard**

3         Summary judgment is proper only if the pleadings, depositions, answers to interrogatories,

4    and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

5    any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P.

6    56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to

7    make a sufficient showing on an essential element of a claim in the case on which the nonmoving

8    party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no

9    genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of

10   fact to find for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

11   574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply

12   "some metaphysical doubt.").  *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a

13   material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a

14   judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 .S.

15   242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d

16   626, 630 (9th Cir. 1987).

17        The determination of the existence of a material fact is often a close question.  The court

18   must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a

19   preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, *T.W. Elect. Service*

20   *Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor of the

21   nonmoving party only when the facts specifically attested by that party contradict facts specifically

22   attested by the moving party.  The nonmoving party may not merely state that it will discredit the

23   moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the

24   claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).  Conclusory, non

25

26   ORDER - 8

1    specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan*

2    *v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

3        **2. Claims Relating to Plaintiff's June 2001 EEOC Charge**

4        Defendant moves the Court to dismiss all of Plaintiff's claims and allegations relating to her

5    June 2001 EEOC charge because Plaintiff failed to sue on those claims within 90 days after the

6    EEOC sent the right-to-sue letter to Plaintiff.  Dkt. 26, at 10.

7        Under Title VII, an action must be filed within 90 days of receipt of a right-to-sue letter from

8    the EEOC or it will be time-barred.  42 U.S.C. §2000e-5(f)(1).  This filing period is a statute of

9    limitations.  *Edwards v. Occidental Chemical Corp.*, 892 F.2d 1442, 1445 (9th Cir. 1990), *citing*

10   *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170, 1174 (9th Cir. 1986).

11       On June 14, 2001, Plaintiff signed an EEOC charge, which was filed with the Florida

12   Commission on Human Relations and the EEOC.  Dkt. 27, at 4.  EEOC mailed Plaintiff a Notice of

13   Right to Sue on March 8, 2002.  Dkt. 27 at 6.  The notice informed Plaintiff that her suit "must be

14   filed in federal or state court within 90 days of your receipt of this notice." *Id.*  Plaintiff has provided

15   no evidence of filing suit within 90 days of receipt of this notice.  Thus, all of Plaintiff's claims in this

16   action that were previously alleged in her June 2001 EEOC charge are time-barred because she did

17   not file suit within 90 days of receipt of the right-to-sue notice.

18       As discussed above, it is not possible for the Court or Defendant to discern with any certainty

19   which factual allegations apply to which Plaintiff's causes of action.  There are several allegations

20   included in the complaint, however, that Plaintiff previously alleged in her June 2001 EEOC charge.

21   For example, several allegations in the EEOC charge involving Plaintiff's former supervisor, Sara

22   Mendez, are repeated in Plaintiff's complaint.  The Court should dismiss all Plaintiff's asserted claims

23   that were included in her June 2001 EEOC charge.  Plaintiff should file an amended complaint which

24   eliminates the claims that she previously alleged in her June 2001 EEOC charge.

25

26   ORDER - 9

### 3.  Claims and Allegations under Title VII subject to Statute of Limitations

Defendant moves the Court to dismiss all of Plaintiff's claims and allegations under Title VII alleging discrete acts of race or gender discrimination occurring more than 300 days before Plaintiff filed her second EEOC charge on September 21, 2006.

In Washington, a plaintiff is precluded from recovery if he or she does not file an employment discrimination charge with the EEOC within 300 days after an unlawful employment practice has "occurred." 42 U.S.C §2000e-5(e)(1), *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 105. [1]  There are different methods for determining the date on which a practice has occurred, and thus determining the proper 300-day time period, depending on what type of conduct is alleged. For example, the Supreme Court has held that "a discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened'." *Id.*, at 110.  Discrete acts include employment termination, failure to promote, denial of transfer, refusal to hire, or retaliatory adverse employment decisions.  *Id.*, at 114. Discrete incidents that occurred outside of the 300-day time period are not actionable, even if those incidents are related to other acts that did occur within this time period.  *Id.*, at 113.  An employee may file charges arising from related discrete acts so long as the acts are independently discriminatory or retaliatory and charges addressing those acts are themselves timely filed.  *Id.*  In addition, an employee may be allowed to present evidence of acts that are time barred as background evidence in support of a timely claim.  *Id.*

In contrast, the governing time period for hostile work environment claims may be calculated differently.  Because the very nature of a hostile work environment involves repeated conduct, the "unlawful employment practice" may not occur on a particular day.  *Id.*

---

[1] The governing limitations period is 300 days, rather than 180, because the state of Washington is a deferral state that has a fair employment practices agency.

ORDER - 10

1    In this case, Plaintiff claims Title VII violations for race discrimination (Third cause of

2    action), gender discrimination (Fourth), and retaliation for opposing unlawful employment practices

3    (Sixth).  Dkt. 20.

4    Plaintiff invokes what she refers to as the "continuing violations doctrine", "in order to

5    defeat Defendant's motion to dismiss do [sic] to time limitations."  Dkt. 54, at 7.  This doctrine as it

6    applies to discrete acts of discrimination or retaliation has been rejected by the Supreme Court.

7    *Morgan* explicitly rejected what it referred to as the "serial violations" doctrine as it applies to

8    discrete acts.[2] *Morgan*, 536 U.S. at 114.

9    Defendant's argument that Plaintiff has pled discrete acts of gender and race discrimination

10   that are time-barred by the law set out in *Morgan* appears to be correct.  The Court cannot dismiss

11   these claims at this time, however, because Plaintiff has not filed a cognizable complaint which

12   permits the Court to determine which allegations support Plaintiff's Third, Fourth, and Sixth causes

13   of action.  As discussed above, Plaintiff should file an amended complaint.  In drafting the amended

14   complaint, however, Plaintiff should be mindful of the law as established by *Morgan*.

15   **4. Claims and Allegations under RCW 49.60 Alleging Discrete Acts Occurring Prior to
     June 15, 2004**

16

17   Defendant moves the Court to dismiss "all of Plaintiff's claims and allegations under the

     Washington Law Against Discrimination, RCW 49.60, based on discrete acts that occurred...more

18   than three years before Plaintiff filed her complaint."  Dkt. 26, at 8.

19   Although RCW 49.60 does not explicitly provide for a particular statute of limitations period

20   for employment discrimination claims, Washington state courts have applied the three-year period in

21   RCW 4.16.080(2).  *Adler v. Fred Lind Manor*, 153 Wn.2d 331, 335, 103 P.3d 773 (2004).

22

23   ─────────────────

24   [2] The "serial violations" doctrine had previously been applied by some Courts of Appeals.
     That doctrine held that, "so long as one act falls within the charge filing period, discriminatory and

25   retaliatory acts that are plausibly or sufficiently related to that act may also be considered for the
     purposes of liability." *Morgan*, 536 U.S. at 114.

26   ORDER - 11

1    For the same reasons as discussed above, the Court cannot determine which, if any, of

2    Plaintiff's claims are time-barred under Washington state law because Plaintiff has failed to file a

3    cognizable complaint.  Plaintiff should be mindful of this statute of limitations period when she files

4    an amended complaint.

5        **5.  Claims and Allegations Alleging Discrete Acts of Negligence Occurring Prior to June 15, 2004**

6

7    Defendant moves the Court to dismiss "Plaintiff's claims in her Ninth Cause of Action

     claiming negligence based on discrete acts" that occurred more than three years before Plaintiff filed

8    her complaint.

9        The Court cannot rule on Defendant's motion as to Plaintiff's negligence claim at this time.

10   Plaintiff has incorporated 314 paragraphs of her complaint to support her negligence claim.  It is not

11   possible for the Court or Defendant to discern how any of these allegations support her negligence

12   claim.  Plaintiff should file an amended complaint which includes the allegations, if any, that support

13   this claim.

14

15       **6.  Claims and Allegations under 42 U.S.C. §1981 and the Civil Rights Act of 1991 Alleging Discrete Acts Occurring Prior to June 15, 2003**

16   Defendant next moves the Court to dismiss "Plaintiff's multiple legal claims and allegations in

17   her Second, Third, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Eleventh causes of action asserting

18   violations of 42 U.S.C. §1981 and the Civil Rights Act of 1991..." occurring more than four years

19   before Plaintiff filed her complaint.  Dkt. 26, at 9.

20       A civil action rising under 42 U.S.C. §1981 or the Civil Rights Act of 1991 may not be

21   commenced later than four years after the cause of action accrues.  *See* 28 U.S.C. §1658(a); *see also*

22   *Fonseca v. Sysco Food Services of Arizona, Inc.*, 374 F.3d 840, 845 (9th Cir. 2004).

23       The Court cannot rule on this motion at this time.  As discussed in this order, Plaintiff should

24   file an amended complaint which comports with Fed. R. Civ. P. 8 and 10.  Plaintiff should again be

25   mindful of any applicable limitations periods.

26   ORDER - 12

<u>**CONCLUSION**</u>

The Court should dismiss the following claims with prejudice: (1) Plaintiff's UCC claim under her Ninth cause of action, (2) Plaintiff's age discrimination claim pursuant to Title VII under her Fifth cause of action, and (3) all of Plaintiff's asserted claims that were previously alleged in her June 2001 EEOC charge. The Court should also deny Plaintiff's motion to strike.

In addition, Plaintiff should file an amended complaint that comports with Fed. R. Civ. P. 8 and 10, no later than January 6, 2008. Plaintiff's amended complaint should also eliminate the claims dismissed pursuant to this order. Plaintiff is instructed to draft her amended complaint in a manner that makes it possible for the Court and Defendant to discern which allegations are alleged to support each respective cause of action as required by Fed. R. Civ. P. 8 and 10. Plaintiff should also be mindful of the applicable statute of limitations periods which may time-bar some of her allegations and claims.

Therefore, it is hereby **ORDERED** that Plaintiff's Motion to Strike (Dkt. 50) and Defendant's Motion to Dismiss, for Partial Summary Judgement, and for More Definite Statement (Dkt. 26) are GRANTED in part and DENIED in part, as follows:

(1) Plaintiff's Motion to Strike is **DENIED**;

(2) Defendant's Motion to Dismiss and for Summary Judgment is **GRANTED**, in part, and **DENIED**, in part, as follows:

(a) Plaintiff's UCC claim under her Ninth cause of action is **DISMISSED WITH PREJUDICE**;

(b) Plaintiff's age discrimination claim pursuant to Title VII in her Fifth cause of action is **DISMISSED WITH PREJUDICE**;

(c) Plaintiff's claims that were previously alleged in her June 2001 EEOC charge are **DISMISSED WITH PREJUDICE**;

ORDER - 13

1   (d) Defendant's motion for dismissal and for partial summary judgment of Plaintiff's

2   remaining claims is **DENIED WITHOUT PREJUDICE**; and

3   (3) Defendant's motion for more definite statement is **GRANTED**, and Plaintiff is

4   **ORDERED** to file an amended complaint in accordance with this order no later than January

5   6, 2008.

6   DATED this 7th day of December, 2007.

7

8
                                    ROBERT J. BRYAN
9                                   United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER - 14