UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARDEANA Q. ELLIS,

    Plaintiff,

v.

SMITHKLINE BEECHAM CORP., dba GLAXOSMITHKLINE,

    Defendant.

Case No. C07-5302RJB

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ORDER REQUIRING PLAINTIFF TO COMPLY WITH ORDER DATED DECEMBER 7, 2007 AND SECOND MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO STRIKE

This matter comes before the Court on Defendant's Motion for Order Requiring Plaintiff to Comply with Order Dated December 7, 2007 and Second Motion to Dismiss (Dkt. 62) and on Plaintiff's Motion to Strike (Dkt. 69). The Court has considered the pleadings filed in support of and in opposition to these motions and the remainder of the file herein.

### I. FACTS AND PROCEDURAL HISTORY

**A.    BASIC FACTS**

Plaintiff is a 41 year-old African-American woman who has been employed by Defendant as a pharmaceutical sales representative since December 1999. Dkt. 20. Plaintiff is pro se in this matter, and asserts numerous discriminatory acts and grievances dating back to January 2000. *Id.*

ORDER - 1

1    Plaintiff signed a Charge of Discrimination on June 14, 2001, which was filed with the Florida
2 Commission on Human Relations and the Equal Employment Opportunity Commission ("EEOC").
3 Dkt. 27. Included in the charge were allegations of discrimination, unfair disciplinary action, and
4 harassment. *Id.* The EEOC took no action, and sent Plaintiff a Notice of Right to Sue on March 8,
5 2002. *Id.*, at 6. Plaintiff has not argued, and has provided no evidence, that she filed a law suit
6 following receipt of the EEOC notice.

7    Plaintiff filed a second charge with the Washington State Human Rights Commission and the
8 EEOC on September 21, 2006. Dkt. 27, at 7-8. Included in this charge were allegations of race,
9 sex, and age discrimination. *Id.* The EEOC took no action and sent Plaintiff a Notice of Right to
10 Sue on April 30, 2007. Dkt. 4.

## B.    PLAINTIFF'S COMPLAINTS

On June 15, 2007, Plaintiff filed a complaint (Dkt. 1), and, on August 22, 2007, filed an amended complaint (Dkt. 20). On September 12, 2007, Defendant filed a Combined Motion to Dismiss, for Partial Summary Judgment, and for More Definite Statement ("Defendant's combined motion"). Dkt. 26. On December 7, 2007, the Court granted in part and denied in part Defendant's combined motion. Dkt. 60. Specifically, the Court granted Defendant's Motion for a More Definite Statement and required Plaintiff to file a new complaint consistent with the following guidelines:

> Plaintiff should file an amended complaint that comports with Fed. R. Civ. P. 8 and 10, no later than January 6, 2008. Plaintiff's amended complaint should also eliminate the claims dismissed pursuant to this order. Plaintiff is instructed to draft her amended complaint in a manner that makes it possible for the Court and Defendant to discern which allegations are alleged to support each respective cause of action as required by Fed. R. Civ. P. 8 and 10. Plaintiff should also be mindful of the applicable statute of limitations periods which may time-bar some of her allegations and claims.

*Id.* at 13

On January 7, 2008, Plaintiff filed a Second Amended Complaint. Dkt. 61. In that complaint, Plaintiff alleges the following eleven causes of action:

ORDER - 2

(1) petition for injunction;

(2) harassment from 6/15/01 to 6/15/07 pursuant to 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("TitleVII"), Age Discrimination in Employment Act of 1967 ("ADEA"), RCW 49.60.030, RCW 49.44.090, RCW 49.60.180, and RCW 49.60.210;

(3) racial discrimination from 6/15/01 to 6/15/07 pursuant to 42 U.S.C. § 1981, Title VII, Civil Rights Act of 1991, and RCW 49.60.030, RCW 49.44.090, RCW 49.60.180, and RCW 49.60.210;

(4) gender discrimination from 6/15/01 to 6/15/07 pursuant to Title VII, Civil Rights Act of 1991, Equal Pay Act of 1963, RCW 49.60.030, RCW 49.44.090, and RCW 49.60.180;

(5) age discrimination from 7/23/05 to 6/15/07 pursuant to Title VII, Civil Rights Act of 1991, ADEA, RCW 49.44.090, and RCW 49.60.180;

(6) retaliation for opposing unlawful employment practices from 6/15/01 to 6/15/07 pursuant to Title VII, Civil Rights Act of 1991, ADEA, and RCW 49.60.210;

(7) hostile work environment from 6/15/01 to 6/15/07 pursuant to Title VII, Civil Rights Act of 1991, and ADEA;

(8) tortious interference with present and prospective employment relationships from 6/15/01 to 6/15/07 pursuant to Title VII and the Civil Rights Act of 1991;

(9) breach of contractual obligations from 6/15/01 to 6/15/07 pursuant to 42 U.S.C. § 1981, Title VII, Civil Rights Act of 1991, U.C.C. § 1-304, et. seq., ADEA, and RCW 5.40.050;

(10) intentional or negligent infliction of emotional distress from 6/15/01 to 6/15/07 pursuant to Title VII and Civil Rights Act of 1991; and

(11) unequal pay from 6/15/01 to 6/15/07 pursuant to Title VII, ADEA, Equal Pay Act of 1963, RCW 49.60.180, and RCW 49.44.090.

Dkt. 61 at 9-17.

**C. DEFENDANT'S MOTION FOR ORDER REQUIRING PLAINTIFF TO COMPLY WITH ORDER DATED DECEMBER 7, 2007 AND SECOND MOTION TO DISMISS**

On January 22, 2008, Defendant filed a Motion for Order Requiring Plaintiff to Comply with Order Dated December 7, 2007 and Second Motion to Dismiss. Dkt. 62. Defendant contends that, even though Plaintiff significantly amended her complaint, Plaintiff's Second Amended Complaint suffers from the same fundamental flaws as did the previous complaints. *Id.*

On February 4, 2008, Plaintiff filed a response. Dkt. 63. On February 6, 2008, Plaintiff filed

ORDER - 3

an amended response. Dkt. 65. On February 15, 2008, Defendant filed a reply. Dkt. 68. On February 19, 2008, Plaintiff filed a surreply. Dkt. 69. In the surreply, Plaintiff included a motion to strike material that was contained in Defendant's reply. *Id.*

## II. DISCUSSION

### A.   PLAINTIFF'S MOTION TO STRIKE

Plaintiff moved the Court to strike two statements in Defendant's reply: (1) "In Blume, as in every other tortious interference case in Washington, the defendant was a third party who was alleged to have interfered with the plaintiff's contractual relations with others." (Dkt. 68 at 3, ll. 2-4), and (2) "Her tortious interference claim is therefore not cognizable under Washington law." (Dkt. 68 at 2, ll 15-16). *See* Dkt. 69 at 1-2.

Under Fed. R. Civ. P. 12(f), the Court may:

> strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

Fed. R. Civ. P. 12(f). Although Local Rule 7(g) mentions motions to strike certain material, Fed. R. Civ. P. 12(f) provides the substantive legal standard.

In this case, Plaintiff argues that the Court should strike the two statements because they are "untrue." Dkt. 69 at 1. Plaintiff, however, has failed to establish that Defendant's statements are "redundant, immaterial, impertinent, or scandalous." The statements that Plaintiff challenges relate to Defendant's legal arguments and the Court will consider those statements accordingly. Therefore, the Court should deny Plaintiff's Motion to Strike.

### B.   DEFENDANT'S MOTION FOR ORDER REQUIRING PLAINTIFF TO COMPLY WITH ORDER DATED DECEMBER 7, 2007

ORDER - 4

Defendant has moved the Court for an order that will require Plaintiff to comply with the guidelines set out in the Court's order dated December 7, 2007. Dkt. 62 at 4. Defendant argues that Plaintiff continues to plead all of her factual allegations with all of her causes of action, continues to lump together multiple federal and state laws for each cause of action, and ignores the Court's admonition that Plaintiff be mindful of the applicable statute of limitations for each cause of action. *Id.*

A pleading which sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When the complaint is written by a *pro se* litigant, the pleading standards are relaxed and the complaint may be held to a less stringent standard. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). A *pro se* litigant is still required, however, to make her claims intelligible in order to give the defendant fair notice of the claims and to allow the defendant a fair opportunity to respond to the claims, conduct discovery and motion practice, and defend itself at trial. *See* Fed. R. Civ. P. 10(b) ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence...must be stated in a separate count or offense"). If the defendant cannot reasonably prepare a response, then it may move for a more definite statement of the pleading. Fed. R. Civ. P. 12(e).

Originally, the Court held that "Plaintiff [had] not filed a cognizable complaint. Plaintiff's complaint includes eleven causes of action and 288 factual allegations. Plaintiff's first cause of action incorporates all 288 allegations. For the remaining causes of action, Plaintiff incorporates all 288 allegations, plus the paragraphs from the previous causes of action." Dkt. 60 at 6 (December 7, 2007, order). In Plaintiff's Second Amended Complaint, Plaintiff has narrowed the factual allegations to 41 paragraphs. *See* Dkt. 61. Moreover, Plaintiff has limited the time period that applies to each cause of action. *Id.* Plaintiff, however, continues to incorporate all the factual allegations into each cause of action as well as incorporate previous causes of actions into

ORDER - 5

subsequent causes of actions. *Id.* In addition, Plaintiff has bundled federal laws with state laws for each cause of action. *Id.* While this pleading style is somewhat confusing, Plaintiff has made an effort to comply with the Court's December 7, 2007, order as well as with Fed. R. Civ. P. 8 and 10. Under the relaxed pleading standard for *pro se* litigants, *see above*, Defendant has fair notice of Plaintiff's factual allegations and causes of action. There is no reason to prolong this litigation by requiring Plaintiff to meet higher initial pleading standards. Therefore, the Court should deny Defendant's Motion for Order Requiring Plaintiff to Comply with Order Dated December 7, 2007.

**C.     DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

**1.     Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) Standard**

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007)(*internal citations omitted*). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston*, 717 F.2d at 1300. If the claim is not based on a proper legal theory, the claim should be dismissed. *Id.*

ORDER - 6

**2.      Defendant's Motion to Dismiss Plaintiff's Eighth Cause of Action**

Defendant has moved to dismiss Plaintiff's Eighth Cause of Action for Tortious Interference with Present and Prospective Employment Relationships from 6/15/01 to 6/15/07 pursuant to Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, against Defendant (Dkt. 61). Dkt. 62.  That claim alleges as follows:

> 66.    Plaintiff hereby realleges and incorporates by reference ¶'s 1-65, inclusive as if fully set forth herein.
>
> 67.    Because DEFENDANT not only denied PLAINTIFF the ability to process grants, but also wrongfully investigated PLAINTIFF and in doing so destroyed her present and prospective relationships with key customers, DEFENDANT'S violated Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991.

*Id.* Defendant argues that this claim "fails to state a viable legal claim, and it should be dismissed as a matter of law." Dkt. 62 at 5.

In this cause of action, Plaintiff has combined a state law claim of tortious interference with present or prospective employment relations with federal discrimination claims under Title VII of the Civil Rights Acts of 1964 and 1991. *See* Dkt. 61 at 15.  Plaintiff has failed to show that her state law claim is actionable under the federal Civil Rights Acts.  While it does not appear that the Ninth Circuit has addressed this issue, some district courts have held that a plaintiff must meet the state law requirements to maintain an action for tortious interference. *See, e.g., Villodas v. HealthSouth Corp.*, 338 F. Supp. 2d 1096, 1103-06 (D. Ariz. 2004).   Therefore, the Court should determine whether Plaintiff has plead factual allegations that will entitle her to relief under state law.

Under Washington state law, "[r]ecovery for tortious interference with a contractual relation requires that the interferor be an intermeddling third party; a party to a contract cannot be held liable in tort for interference with that contract." *Houser v. City of Redmond*, 91 Wn.2d 36, 39 (1978) (citing *Calbom v. Knudtzon*, 65 Wash.2d 157 (1964)).  Plaintiff, however, argues that "Washington tort law allows for the application of a 'tortious interference' claim in a two-party context." Dkt. 65 at 3-4. In support of her argument, Plaintiff cites *City of Seattle v. Blume*, 134 Wn.2d 243 (1997).

ORDER - 7

*Blume* is not on point for the issue currently before the Court. In *Blume*, the court stated that "[t]he present case provides this court with the opportunity to analyze the wisdom and efficacy of what has become known as the 'independent business judgment rule.'" *Id.* at 252. After a thorough discussion, the court in *Blume* held "that the 'independent business judgment rule' can no longer serve as a bar to the proximate cause element of a legal claim." *Id.* at 260. In this case, the issue before the Court is not whether the independent business judgment rule can serve as a bar to the proximate cause element of a tort claim; the issue is whether a claim for tortious interference with a contractual relation can be maintained against a party to that *same* contractual relation. *See above.* Plaintiff has failed to show that *Blume* stands for the proposition that, under Washington law, she can maintain a claim for tortious interference with present and prospective business relations in a two-party context. Therefore, the proper legal theory requires an "intermeddling third party." *See above.*

In Plaintiffs Second Amended Complaint, she claims that Defendant "destroyed her present and prospective relationship with key customers." *See above*. Plaintiff has failed to show that her employer can be considered an "intermeddling third party" in the context of a relationship with her *and* her employer's customer. Moreover, Plaintiff argues that her employment contract with Defendant "directed her to sell Defendant's products to customers" and that Defendant "interfered with [that] contract by . . ." Dkt. 65 at 4. In other words, Plaintiff admits that her claim is based on Defendant interfering with its own contract. If Defendant is interferring with one of its own employment contracts, then Plaintiff has failed to show that Defendant can be considered an "intermeddling third party." Consequently, Plaintiff's tortious interference cause of action is not based on a proper legal theory and should be dismissed. *Keniston*, 717 F.2d at 1300.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendant's Motion for Order Requiring Plaintiff to

ORDER - 8

Comply with Order Dated December 7, 2007 and Second Motion to Dismiss (Dkt. 62) is GRANTED in part and DENIED in part, as follows:

    (1) Defendant's Motion for Order Requiring Plaintiff to Comply with Order Dated December 7, 2007 is **DENIED**;

    (2) Plaintiff's claim for tortious interference with present or prospective employment relations under her Eighth cause of action is **DISMISSED WITH PREJUDICE**.

Plaintiff's Motion to Strike (Dkt. 69) is **DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 3rd day of March, 2008.

                                            Robert J Bryan
                                            United States District Judge

ORDER - 9