UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARDEANA Q. ELLIS,

    Plaintiff,

v.

SMITHKLINE BEECHAM CORP., dba GLAXOSMITHKLINE,

    Defendant.

Case No.  C07-5302RJB

ORDER GRANTING DEFENDANT'S MOTION TO QUASH SUBPOENAS PURSUANT TO FED. R. CIV. P. 45(c)(3) AND DENYING PLAINTIFF'S MOTIONS TO STRIKE

    This matter comes before the Court on Defendant's Motion to Quash Subpoenas Pursuant to Fed. R. Civ. P. 45(c)(3) (Dkt. 82) and Plaintiff's Motions to Strike (Dkt. 89).  The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

    On May 22, 2008, Defendant filed a Motion to Quash Subpoenas Pursuant to Fed. R. Civ. P. 45(c)(3).  Dkt. 82.  Defendant moved the Court to quash subpoenas that were served by Plaintiff on Tiffany Weir, Darcey Simmons, Chad Barnett, and Jamilyn Burk.  *Id*. at 1.  The subpoenas commanded Ms. Weir, Ms. Simmons, Mr. Barnett, and Mr. Burk to attend depositions on May 30, 2008.  *Id*.

    On May 30, 2008, Plaintiff responded.  Dkt. 86.  On June 2, 2008, Defendant replied.  Dkt. 87.  On June 4, 2008, Plaintiff filed a surreply asking the Court to strike the following material contained in the Defendant's reply: 1) Defendant's statements regarding the relevance of prospective

ORDER - 1

1  deponents; 2) Defendant's statements regarding Plaintiff's participation in discovery; and 3)

2  Defendant's statements regarding the timeliness of the subpoenas in question. Dkt. 88.

3        Fed. R. Civ. P. 45(b)(1) states that:

> Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

Fed. R. Civ. P. 45(b)(1).

      Defendant argues that Plaintiff's service is facially defective because she failed to include witness fees or mileage fees. Dkt. 82 at 3. Plaintiff concedes that she did not tender those fees upon service of the subpoenas. Dkt. 86 at 3. Plaintiff does, however, claim that she "would tender the fees for attendance and mileage at the deposition." *Id*. "[I]f the subpoena requires that person's attendance," then service "*requires* . . . tendering fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1)(emphasis added). Every one of Plaintiff's subpoenas in question commanded that person's attendance at a deposition and Plaintiff did not tender the required fees upon service. Consequently, Plaintiff's service was defective. The Court should grant Defendant's motion to quash the subpoenas that were served upon Ms. Weir, Ms. Simmons, Mr. Barnett, and Mr. Burk.

      Plaintiff has moved to strike material that is irrelevant to the determination of Defendant's Motion to Quash. *See above*. Therefore, the Court should deny Plaintiff's motions to strike as moot.

///

///

///

///

///

ORDER - 2

Therefore, it is hereby

**ORDERED** that Defendant's Motion to Quash Subpoenas Pursuant to Fed. R. Civ. P. 45(c)(3) (Dkt. 82) is **GRANTED**. Plaintiff's Motions to Strike (Dkt. 89) are **DENIED** as moot.

The Clerk is directed to send uncertified copies of this Order to all counsel of record, to any party appearing *pro se* at said party's last known address.

DATED this 5th day of June, 2008.

*/s/ Robert J Bryan*
Robert J Bryan
United States District Judge

ORDER - 3